On the Merits.
The contract between the parties was verbal, entered into in the summer of 1899. The *598 agreed price was the price alleged of which we have before made mention.
According to defendants, plaintiffs had agreed to sell them all their cypress timber in a region of swamp country well known by the name of “Pigeon.” It was further agreed, they say, that the timber was to be removed when they would locate the lands and find labor to get it out for them.
This was not plaintiffs’ account of the agreement, and on this point there is material difference between plaintiffs and defendants. Plaintiffs contend for a short term within which the defendants were to remove the timber, and defendants that they were to have a time more reasonable than plaintiffs are now willing to admit within which to remove the trees.
The record discloses that the swamp land in question had been abandoned by plaintiffs. The timber, as they must have thought, had all been removed. They allowed it to go to the state for taxes, and from the state it passed to the levee board. Within the year after the land had been adjudicated to the state, one of the defendants called on one of the plaintiffs, and it was agreed that defendants would redeem the land and remove the timber therefrom for their account, they to pay the price before mentioned.
They were at this work when, in August, 3901, they were notified by plaintiffs after that date not to cut, circle, trail, or remove any timber from lands belonging to plaintiffs. We understand the defendants complied with this notice, except as to the trees which had been circled by them, trailed, and prepared to be removed, on which, in this work, they had expended a considerable sum.
Plaintiffs had the right to consider the contract as one which had some limit within which to take away the trees, yet it devolved upon them to bring it to a close without the necessity of causing a loss to those with whom.they had contracted. They knew they were working on these lands after the float or high water, which plaintiffs claim was to be the last float to remove the trees. They said nothing to defendants, and some time after gave them the notice before mentioned.
In view of the facts and circumstances of the case, defendants had the right to remove the trees as they did on which they had worked while the agreement was in force, and when the plaintiffs had not signified the least intention to terminate it. We think it was fair and just that these trees should go to defendants.
The onus of proof was with plaintiffs originally. They did not choose to allege the contract and submitted their side of the case without once referring to this contract.
In making out their defense, defendants invoked the contract which plaintiffs had sought to ignore. This verbal contract was then submitted by plaintiffs, who, by way of rebuttal of defendants’ testimony, sought to show terms different from those to which defendants had testified.
The onus of proof had not changed. It still devolved upon plaintiffs to sustain their demand (or claim) by preponderance of proof, and to sustain their position regarding this contract. This they have failed to do. The facts and the circumstances point the other way. The time was not as limited as plaintiffs contended. It devolved upon them, as first parties to the contract, to have it well understood that it was to be as they now contend it was. In the absence of special terms, we are inclined to the view which enables defendants to recover back their expenses in preparing these trees for the market.
In the condition the case comes before us, we understand that defendants challenge the correctness of plaintiffs’ statement regarding the term of the contract.
One (plaintiffs) as witnesses affirm, the other (defendants) deny. All parties being of good standing, we accept the conclusion usually arrived at in such cases, and in this ease that conclusion is further sustained by the opinion of the district judge who saw and heard the witnesses.
The judgment is therefore affirmed.